O’Neall, J.
delivered the opinion of the Court.
The second part of the 10th section, 1st article of the Constitution of the United States, declares “ no State shall, without the consent of Congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for excuting its inspection laws, and the neat produce of all duties and imposts, laid by any State on imports or exports, shall be for the use of the treasury of the United Sta-tes, and all such laws shall be subject to the revision and control of the Congress. No State shall, without the consent of Congress, lay any duty of tonnage, keep troops or ships of war in time of peace, enter into any agreement or compact with another State, or with a foreign power, or engage in war, unless actually invaded, or in such imminent danger as will not admit of delay.”
The ordinance of the City Council, set out in the special verdict, inter alia provides that “ steam packets and other vessels trading steadily, and performing regular successive voyages' from the adjoining States of North Carolina and *599 Georgia,” “ shall pay the harbor master one cent per ton, once every three months, or every quarter.” The question made is, is this a tonnage duty under the Act of Congress 1 '
On referring to Bouvier’s Law Dictionary, I find that after giving the general definition of tonnage, “the capacity of a ship or vessel,” he adds, “ the duties paid on the tonnage of a ship or vessel, are also called tonnage.” He defines duties by saying it is “ nearly equivalent to taxes, embracing all impositions or charges, levied on persons or things.” Construing the ordinance by these definitions, it would seem to be plain that it has undertaken (without the consent of Congress) to impose a duty of tonnage on the steam packets of the defendants. But it is said the imposition of tonnage, in this case, is merely a mode by which the plaintiff is to ascertain his fees ; and it is so called in the ordinance; “ the above fees” is its language. I should think there would be great force in this view, if it were so that the harbor master rendered any services for the defendants. If he assigned their packets a birth at any of the wharves, or did any other personal service for them, I should be disposed to say that measuring the value of his services by the tonnage of the ship, would not make the law allowing him compensation, unconstitutional. For in such a case, although the letter of the constitution might be violated, yet its true meaning would be untouched. But here the special verdict does not find that the plaintiff rendered any service at all to ihe defendants, and it was stated at the bar, and not contradicted, that the defendants have their own wharf, and that the plaintiff has no more to do with their steamers, in the harbor of Charleston, than he has with them when at Wilmington.
The notion that it is not a tonnage duty, because it does not go into the public coffers, cannot be sustained. What is done with the money cannot affect the question. Is this a tax or charge incurred by entering the harbor of Charleston 1 Every one is obliged to say yes. For it is to be paid without any regard to any thing else than the steam packets coming to and entering the port. The distinction between a tax or duty, and fees or charges, is, that the former is imposed by the sovereign authority, without any regard to a corresponding and equivalent benefit or advantage: the latter proceeds upon the quid pro quo, and unless service be rendered nothing is to be paid. The only duty of tonnage levied by the authority of this State, since the constitution, was for the benefit of the Marine Hospital, and that was by the consent of Congress. This shews that the end to which the money to be collected is to be applied, cannot affect the character of the law. For there public charity had the benefit of it.
But it is not clear that the imposition here does not indirectly avail the public. Who is the harbor master ? He is *600 an officer of the corporation exercising pro hac vice, under ^ the authority of the State, the legislative power. He is to be /paid for his services by the appointing power; and if it, in-stea(j 0f ¿tawing from its own funds for that purpose, chooses to relieve them by imposing the burden on the defendants, is not that the same thing as if the results of the charges arising under this ordinance, had been directed to be collected and paid into the city treasury ? It seems to me to be so ; and, certainly, if the provision had been direct for the collection and payment of tonnage to the City Council, no one could doubt that the constitution would be plainly violated.
2 Spears, 769.
The discrimination made in this ordinance, between vessels owned in and belonging to this State, and steadily plying and trading within the same, and vessels trading and performing regular successive voyages from the adjoining States of North Carolina aud Georgia, is liable to the very grave objection arising'under the 5th part of the 9th section of the 1st article of the Constitution of the United States, as recognized and enforced in Chapman v. Miller. For, certainly, it cannot be said this is not giving “ a preference to the ports of one State over those of another,” nor that “ vessels bound to or from one State” are not required to pay “ duties in another.”
It is, therefore, ordered that the judgment of the Judge below, awarding the postea on the special verdict to the plaintiff, be reversed, and that the postea be awarded to defendants, who have leave to enter up judgment on the special verdict.
Richardson, J. — Evans, J.- — Wardlaw, J. — Withers, J. — Johnston, Ch. — Donkin, Ch. — Caldwell, Ch. — and Dargan, Ch. — concurred.

Motion granted.